# IN THE THE UNITED STATES DISTRICT COURT FOR THE THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the matter of         * | |
| **GEORGE EDWARD MCDERMOTT**   * | |
| DISENFRANCHISE CITIZEN       * | **JURY TRIAL DEMANDED** |
| 143 N. Huron Dr. Forest Heights, MD 20745   * | |
|                 * | |
| Plaintiff               * | ON ALL CLAIMS OF RELIEF |
|         V.         * | |
| THE TOWN OF FOREST HEIGHTS MD.,ET.AL.   * | CIVIL RIGHTS AND VOTING RIGHTS |
| Municipal Building.     .     * | |

In the matter of   *

**GEORGE EDWARD MCDERMOTT**   *

DISENFRANCHISE CITIZEN   *

143 N. Huron Dr. Forest Heights, MD 20745   *

Plaintiff   *

     V.   *

THE TOWN OF FOREST HEIGHTS MD.,ET .AL.   *

Municipal Building.   .   *

5508 Arapaho Dr.   *

Forest Heights, MD 20745.   *

     &   *

Removed mayor Miles Spiers Jr.   *   CLAIM

     &   *   NO. 06-1097 ( RCL )

Former Councilwoman Alice Hoskins   *

Ward 1   *

Council member Andrea McCutcheon, Ward1   *

Council member, Clifton Atkinson, Ward 3

Council member Worthington Ross, Ward 3   *

Council member, Larry Stoner, Ward 3   *

         Defendants   *

**RECEIVED**

DEC 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

PLAINTIFF SECOND-CLASS CITIZEN *Pro Se,*

MOTION FOR A~~╍╍╍~~EXTENSION OF TIME TO FILE COURT ORDERED BRIEFSBECAUSE OF COMPUTER PROBLEMS WHICH HAS PREVENTED PLAINTIFF FROM RE- COVERING WORK PRODUCT STORED IN COMPUTER OR IN THE ALTERNATIVE THAT COURT TAKE JUDICIAL

NOTICEOF RESPONSIVE PLEADINGS ON RECORD

       Comes now George E. McDermott asking the court extension of time to file court ordered responsive opposition to dismiss due to hardships caused by external sources and the fact that defendants Council never copied plaintiff with on any motion papers regarding this case further the relief requested it is in the power of the court to grant and will not prejudiced defendants or their clients . *Ex 1*

1.     In the alternative the court is asked to take judicial notice that plaintiff as replied in good faith to each and every frivolous motion defendants put forth even though if as in this case plaintiff had to go to the court to obtain a copy of defendants motions as they were never *Ex 2-4*

mailedin good-faith accordance to the rules.

2.     Plaintiff presents true test a copy Exhibit 1 as evidence and Exhibit 2 copy of court docket obtained on the very day that motion was received by plaintiff *[Exhibit]3*

Plaintiff respectfully request the court will grant this motionas it is in the best interest of justice

respectfully submitted *Exhibit 4*

George Edward McDermott
143 N. Huron Drive
Forrest Heights Maryland
20748 phone 301-839-5816


### CERTIFICATE OF SERVICE

Pursuant to Plaintiff hereby gives notice to the Court that a copy of *motion to extend time was Delivered By First Class US mail to*

/s/
R. J. Vanzego, Jr., Esq.
The Law Office of
R. J. Vanzego, Jr., Esq.
9200 Basil Court, Suite 550
Largo, Maryland 20774
301.883.8947
USDC Bar Number: MD 27205

*This 2 0 First Day of December By plaintiff First Class US mail*

*Exhibits 1 Court order
2 true tested copie Del
Zourt Docket
4 document*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

George Edward McDermott
143 North Huron Drive
Forest Heights, Maryland 20745
          Plaintiff

          v.

The Town of Forest Heights, Et. Al.
Municipal Building
5508 Arapahoe Drive,
Forest Heights, MD 20745
          &
Mayor, Myles Spires, Jr.
          &
Councilmember, Alice Hoskins Ward 1
Councilmember, Andrea McCutcheon Ward 2
Councilmember, Clifton Atkinson Ward 2
Councilmember, Worthington Ross Ward 3
Councilmember, Larry Stoner Ward 3
          Defendants

*CIVIL ACTION NO:
*Case No: 06-1097 RCL

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER ON DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

On _____ 2006, the court considered defendant,

The Town of Forest Height's motion to dismiss for lack of

personal jurisdiction. After considering the motion and the

response, the court

GRANTS the motion and dismisses plaintiff's suit without

prejudice to refilling the suit in The United States District

Court of Maryland, Greenbelt Division.

_____
U. S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED:
_____/s/_____
R. J. Vanzego, Jr.

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                            |     |                        |
|--------------------------------------------|-----|------------------------|
| George Edward McDermott                    | *   |                        |
| 143 North Huron Drive                      | *   |                        |
| Forest Heights, Maryland 20745             | *   |                        |
|     Plaintiff          | *   | *CIVIL ACTION NO:      |
|                                            |     | *Case No: 06-1097 RCL  |
|   v.                             | *   |                        |
| The Town of Forest Heights, Et. Al.        | *   |                        |
| Municipal Building                         | *   |                        |
| 5508 Arapahoe Drive,                       | *   |                        |
| Forest Heights, MD 20745                   | *   |                        |
|     &                  | *   |                        |
| Mayor, Myles Spires, Jr.                   | *   |                        |
|     &                  | *   |                        |
| Councilmember, Alice Hoskins Ward 1        | *   |                        |
| Councilmember, Andrea McCutcheon Ward 2    | *   |                        |
| Councilmember, Clifton Atkinson Ward 2     | *   |                        |
| Councilmember, Worthington Ross Ward 3     | *   |                        |
| Councilmember, Larry Stoner Ward 3         | *   |                        |
|     Defendants         | *   |                        |

************************************************************

**DEFENDANT'S THE TOWN OF FOREST HEIGHT'S ET. AL.**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant, the TOWN OF FOREST HEIGHTS et. al., files this motion to dismiss plaintiff, George E. McDermott's suit for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

**A. Introduction**

1) Plaintiff sued defendant for violation the Town of Forest Heights, Maryland Charter, and voting rights act of 1964.

2) Defendant had no minimum contacts with the forum to justify the court's exercise of jurisdiction over defendant or its property. Therefore, the court should dismiss all of plaintiff's claims against defendant.

**ECF**
**DOCUMENT**
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Columbia.
Date Filed: 11/27/06
NANCY MAYER-WHITTINGTON, CLERK
By: _____
12/14/06

Exibit #2) (2) -1-

## B. Argument & Authorities

### Exercise of Jurisdiction Would Violate Due Process

3) The court's assumption of jurisdiction over defendant and its property will violate the due process clause of the Fifth Amendment to the United States Constitution because the defendant had no contacts with the forum state. See World-Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

### No Minimum Contacts

4) This court does not have jurisdiction over defendant because defendant did not establish sufficient "minimum contacts" with the forum state to give the court specific or general jurisdiction.

5) The court does not have specific jurisdiction over defendant because plaintiff's cause of action did nto arise from or relate to defendant's contacts with the forum state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 1872 n.8 (1984). Rather, plaintiff's, a resident of the Town of Forest Height's Maryland, cause of action arose from a dispute regarding amendments to the Town of Forest Height's Charter by its elected officials. Furthermore, the Town of Forest Height's is a municipality incorporated under the laws of

the State of Maryland and is not licensed to do or doing

business in the District of Columbia.


6) The court does not have general jurisdiction over

defendant because defendant has not had continuous or

systematic contacts with the forum state. Id., 466 U.S.

408, 414-16 N.8. 104 S. Ct. 1868, 1872-73 n.8 (1984).


## Not Fair Play

7. The court's assumption of jurisdiction over defendant

and its property will offend traditional notions of fair

play and substantial justice. International Shoe, 362, U.S.

at 316, 66 S. Ct. at 158.


8. If the court denies this motion, it will assume

jurisdiction in a dispute in which the forum has no

interest because the dispute regards amendments to the Town

of Forest Height's Maryland Charter by its elected

officials and plaintiff and defendant are both non-

residents of the District of Columbia.


## C. Conclusion

Defendant's amendments to the Town of Forest Heights

Maryland Charter are not minimum contact" with the forum

state. Further, the court's assumption of jurisdiction over

defendant will offend traditional notions of fair play and

justice and will not be consistent with due process of law.

**WHEREFORE, PREMISES CONSIDERED,** the Town of Forest Heights prays that Plaintiff's complaint be dismissed and that it be awarded costs of court.

Respectfully submitted,
Raymond J. Vanzego, Jr.


By:_____/s/_____
R. J. Vanzego, Jr., Esq.
Attorney for Defendant
The Law Office of R. J.
Vanzego, Jr., Esq. LLC
9200 Basil Court, Suite 550
Largo, Maryland 20774
301.883.8947
USDC Bar Number: MD27205

POINTS AND AUTHORITY
FRCP 12(b)(2)
World-Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 291–92, 100 S.Ct. 559, 564 (1980.
International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).
Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 1872 n.8 (1984).

POSTAL CUSTOMER:
Keep this receipt. For Inquiries
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☑ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel
(See Reverse)

Postage and Delivery Confirmation fees must be paid before mailing.
Article Sent To: (to be completed by mailer)

(Please Print Clearly)

DELIVERY CONFIRMATION NUMBER:
0306 0350 0000 5002 9574

PS Form 152, May 2002

DEC 13

Postmark Here
STATION WASHINGTON DC 20011

rict Court for the

MD 20745

D.,Et .Al.

&
Removed mayor Miles Spiers Jr.
&
Former Councilwoman Alice Hoskins
Ward 1
Council member Andrea McCutcheon, Ward1
Council member, Clifton Atkinson, Ward 3
Council member Worthington Ross, Ward 3
Council member, Larry Stoner, Ward 3
Defendants

* * * * * * * * * * * * * * * * * * *

JURY TRIAL DEMANDED

ON ALL CLAIMS OF RELIEF

CIVIL
NO. 06-1097 ( RCL )

RECEIVED
2006 DEC 12 AM 6: 53
NANCY M. MAYER-WHITTINGTON
CLERK
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## MOTION FOR DEFENDANT CORP., THE TOWN OF FOREST HEIGHTS MD.
### And its purported counsel agents to respond to outstanding motions of plaintiff and court order of December 6 , 2006 under FRCP rule 12 (h) and rule 17 (a) (b)

Comes now George McDermott and moves this court by the motion process for a

pretrial hearing on the record under FRCP rule 16 (a) (2) (4) (b) (1) (4).  A hearing is

necessary because the defendants, alleged council, has repeatedly failed to act in good faith in

its  representation to court under FRCP rule 11 (b) (2).  The defendants purported council is

not acting in the best interest of his purported clients in this lawsuit lawsuit.

1.      Plaintiff pro se moves this court by the motion practice to compel defendants alleged

council to produce to plaintiff their purported motion to dismiss under FRCP rule 12 (B)(2) for



Page 1 of 3

# MAYOR AND TOWN COUNCIL

## TOWN OF FOREST HEIGHTS

### RESOLUTION 39-06

### CHARTER AMENDMENT ADVISORY QUESTIONS

### AT THE NEXT FOREST HEIGHTS TOWN ELECTIONS



The following advisory questions shall be placed on the ballot. The Council intends to consider the results of the citizen votes on these in the introduction and possible passage of additional charter amendment resolutions to be initiated by the Town Council under Article 23A § 12 and 13.

## <u>YES</u> or <u>NO</u>

<u>Question #1</u>: **Change the authority of the Mayor regarding appointments**

Amend Section 33-18.(b) Appointments of the Town Charter by striking out the current wording that was inserted by Charter Amendment on November 16, 2005 as indicated by italic type below:

*Appointments. The Mayor, with the approval of the Council, shall appoint the heads of all offices, departments, and agencies of the Town government as established by this Charter or by ordinance. All paid appointees in the employ of the Town of Forest Heights including the Town Treasurer, Town Clerk, the Chief of Police and other department heads whose appointment(s) are secured by the approval of the Town Council of Forest Heights, shall retain their appointment and employment with the Town of Forest Heights until at least a majority of the Town Council of Forest Heights approve, through formal voting, said appointee's termination after having convened a hearing, before the Town Council, of the charges warranting said appointee's dismissal. Recommendation to terminate any appointment rests solely and exclusively with the Mayor of the Town of Forest Heights. All subordinate officers and employees of the offices, departments, and agencies of the Town government shall be appointed and/or removed by the respective department or agency head with the approval of the Mayor and Town Council, in accordance with rules and regulations in any merit system which may be adopted by the Council. In the absence of a department head, promotion or removal of subordinate officers and employees shall be made by the Mayor with the written approval of majority of the Town Council and in accordance with any budget and merit system which may be adopted by the Council.*

and inserting the words that existed in an equivalent section of the Charter prior to November 16, 2005 as indicated in the following bold type:

**The Mayor, with approval of the Council, shall appoint the heads of all offices, departments, and agencies of the Town government as established by this Charter or by ordinance. All office, department and agency heads shall serve at the pleasure of the Mayor. All subordinate officers and employees of the offices, departments, and agencies of the Town government shall be appointed and removed by the Mayor, in accordance with rules and regulations in any merit system which may be adopted by the Council.**

**Question #2: Term of Office of the Mayor**

The term of office for Mayor should be reduced from the current four years and revert to two years as existed prior to November 16, 2005.

**Question #3: Term of Office of Council members.**

The term of office for Council members should be reduced from the current four years and revert to two years as existed prior to November 16, 2005.

**Question #4: Restore the supervisory authority of the Mayor over the Treasurer**

Amend Section 33-18.(d) Finances; budget; of the Town Charter by striking out the current wording that was inserted by Charter Amendment on November 16, 2005 as indicated by italic type below:

*Finances; budget. The Mayor shall prepare or have prepared annually a budget and submit it to the Council.*

and inserting the words that existed in an equivalent section of the Charter prior to November 16, 2005 as indicated in the following bold type:

## Question #8  Repeal the definitions of Mayor and Council and Councilmen

Amend the Town Charter by repealing Section 33-92 regarding suspending elected officials from office by deleting current wording that was inserted by Charter Amendment on November 16, 2005 as indicated by italic type below

*(a) Any reference of "Mayor and Council" in this Charter shall be construed to explicitly and emphatically refer to the Town Council as a body. This term in no wise shall be construed to grant veto power to the Mayor.*

*(b) The term "Mayor and Council", "Council", "Town", and "Mayor and town Council", shall be used interchangeably throughout this charter and shall be construed as meaning the entire legislative body of the Town of Forest Heights.*

*(c) Terms "Councilmen" and "Councilpersons" are considered synonymous when used throughout this Charter.*

## Question #9  Remove the Council supervision of the Town Clerk and Treasurer

Amend the Town Charter by repealing Section 33-64 regarding supervision of the Town Clerk and Treasurer by the Town Council by deleting current wording that was inserted by Charter Amendment on November 16, 2005 as indicated by italic type below

*The Mayor, with the approval of the Council, shall appoint a Town Clerk. The Town Clerk shall attend the meetings of the Council and shall keep a full and accurate record of the proceedings of the Council. He shall be custodian of the official records (other than the records of the Treasurer and the Board of Registrations and Elections) of the Town and shall perform such other duties as may be required by the Mayor and Council. The Town Clerk may act as the Treasurer for no more than ninety days the term of which may be extended by a majority vote of the Council. The Town Clerk shall prepare and submit a weekly report concerning town affairs to the Council. The Town Clerk shall be supervised by a Councilperson selected by a majority of the Council. The Town Clerk shall be bonded.*

and inserting the words that existed in the Charter prior to November 16, 2005 as indicated in the following **bold type**:

**The Mayor, with the approval of the Council, shall appoint a Town Clerk. The Town Clerk shall attend the meetings of the Council and shall keep a full and accurate record of the proceedings of the Council. He shall be custodian of the official records (other than the records of the Treasurer and the Board of Registrations and Elections) of the Town and shall perform such other duties as may be required by the Mayor and Council. The Town Clerk may be the same person as the Treasurer.**

## Question #10 Remove the Mayor as a member of the Council and elect a Councilman at-large.

Amend the Town Charter by removing the Mayor as a member and Chair of the Town Council, and elect a Councilman at-large to provide for a tie-breaking vote on the Town Council.

## Question #11 Authorize the Council President to act as Mayor.

Amend the Town Charter by specifically authorizing the Council President to assume all the duties and responsibilities of the Mayor's office for a limited period until a new mayor is elected either by the Council or in a special plebiscite election.

Finances; budget. The Mayor shall have complete supervision over the financial administration of the Town government. He shall prepare or have prepared annually a budget and submit it to the Council. He shall supervise the administration of the budget as adopted by the Council. He shall supervise the disbursement of all monies and have control over all expenditures to assure that budget appropriations are not exceeded.

## Question #5: Restore the Mayor as Direct Supervisor of the Treasurer

Amend Section 33-40 and Section 33-41. Treasurer, appointment; compensation and supervision by striking out the current wording that was inserted by Charter Amendment on November 16, 2005 as indicated by italic type below:

*There shall be a Treasurer appointed by the Mayor with the approval of the Council. He shall serve at the pleasure of the Council. His compensation shall be determined by the Council. The Treasurer shall be the financial officer of the Town. The financial powers of the Town, except as otherwise provided by this Charter, shall be exercised by the Treasurer under the direct supervision of the Council.*

*The Treasurer shall have authority and shall be required to:*

and inserting the words that existed in the Charter prior to November 16, 2005 as indicated in the following bold type:

**There shall be a Treasurer appointed by the Mayor with the approval of the Council. He shall serve at the pleasure of the Council. His compensation shall be determined by the Council. The Treasurer shall be the financial officer of the Town. The financial powers of the Town, except as otherwise provided by this Charter, shall be exercised by the Treasurer under the direct supervision of the Mayor.**

**Under the supervision of the Mayor, the Treasurer shall have authority and shall be required to;**

## Question #6 Restore the Mayor as Countersigner on Town Checks

Amend Section 33-50 regarding the signing of checks by deleting current wording that was inserted by Charter Amendment on November 16, 2005 as indicated by italic type below:

*All checks issued in payment of salaries or other municipal obligations shall be issued and signed by the Treasurer, the Council President, and one other councilperson and in the absence of the council President, one other councilmember. In the absence or unavailability of the Treasurer, the Town Clerk shall be responsible for signing all checks in payment of salaries or other municipal obligations.*

and inserting the words that existed in the Charter prior to November 16, 2005 as indicated in the following **bold** type:

**All checks issued in payment of salaries or other municipal obligations shall be issued and signed by the Treasurer and shall be countersigned by the Mayor.**

## Question #7 Repeal the Code of Conduct Section of the Town Charter

**To Strike Section 33-93** Section 33-93. Code of Conduct.

Amend the Town Charter by repealing Section 33-93 regarding suspending elected officials from office by deleting current wording that was inserted by Charter Amendment on November 16, 2005 as indicated by italic type below:

*Public officials, appointed or elected, are expected to display a high level of professionalism and integrity in their service to the Town of Forest Heights. Accordingly, any public official in the Town of Forest Heights, appointed or elected, shall be subject to the following provisions: (a) Charter Violations. Any violations of the Charter of the Town of Forest Heights, as determined by a 2/3 majority Council vote, shall be grounds for immediate suspension from office for a period of not more than 180 days. Suspension from office shall only be effected with a 2/3 majority Council vote. In the case of the Mayor being suspended, the Council shall carry out the duties of the Mayor until said suspension expires. (b) Pending Criminal Charges. Any Town Official facing pending criminal charges may be subject to suspension of duties pending the outcome of the criminal charges against him. Suspension from office shall only be effected with a 2/3 majority Council vote. In the case of the Mayor being suspended, the Council shall carry out the duties of the Mayor until said suspension expires. The terms of suspension shall be clearly delineated by resolution. (c) Conviction of a Crime. Any Town Official convicted of a crime may be subject to expulsion from office. Expulsion from office shall only be effected with a 2/3 majority Council vote. The terms of the expulsion shall be clearly delineated by resolution. Any public office made vacant through expulsion shall be filled in accordance with the applicable provisions of this Charter.*

# IN THE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

In the matter of                              *
 **GEORGE EDWARD MCDERMOTT**                    *
DISENFRANCHISE CITIZEN                         *
143 N. Huron Dr. Forest Heights, MD 20745      *     **JURY TRIAL DEMANDED**
                                               *
Plaintiff                                      *     ON ALL CLAIMS OF RELIEF
            V.                                 *
THE TOWN OF FOREST  HEIGHTS MD.,ET .AL.        *     CIVIL RIGHTS AND VOTING RIGHTS
Municipal Building.      .                     *
                                               *
5508 Arapaho Dr.                               *
Forest Heights, MD 20745.                      *
                 &                             *
Removed mayor Miles Spiers Jr.                 *     **CLAIM**
                 &                             *     **NO.  06-1097 ( RCL )**
Former Councilwoman Alice Hoskins              *
Ward 1                                         *
Council member Andrea McCutcheon, Ward 1       *
Council member, Clifton Atkinson, Ward 3       *
Council member Worthington Ross, Ward 3        *
Council member, Larry Stoner, Ward 3           *
             Defendants                        *

---

**PLAINTIFF** SECOND-CLASS CITIZEN
RESPONSE TO COURTS ADVISORY ORDER OF DECEMBER 6, 2006 AND PLAINTIFFS INC.
MOTION IN OPPOSITION TO DEFENDANTS A ALLEGED COUNCIL MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION OF NOVEMBER 27, 2006

Comes now George E. McDermott disenfranchise citizen and plaintiff in this action
filing is now positioned to defendants alleged Council's motion to dismiss for lack of personal
jurisdiction [ **Exhibit 1**] under FRCP rule 12 ( b). Exhibit 1 as attested by the court docket entry
(20) plaintiff's **[Exhibit 2]** Which for the record plaintiff has never received service   a clear
violation of the FRCP rule 11 as defendants alleged Council's own attest to document furnished
by the court attest to under certificate of service falsely put before the court

1.      Plaintiff moves that the court deny outright alleged Council for defendant town of forest
Heights R.J.Vanzego, Jr. Esq.'s frivolous bad-faith motion [ Exhibit 1 ] put before this court with
bad-faith evil intent and direct malice whose only intent was to do fraud this court of legal
jurisdiction federal Rules of Civil Procedure RULE 1. Which reads if the court is not familiar
with the statute **SCOPE AND PURPOSE OF RULE WHICH PLAINTIFF NOW STATES FOR THE
RECORD** .

" THESE RULES GOVERN THE  PROCEDURE
IN THE UNITED STATES DISTRICT COURT IN ALL SUITS OF A CIVIL
NATURE WHETHER CONIZABLE AS CASES AT LAW OR IN EQUITY OR IN ADMIRALTY,
WITH THE EXCEPTIONS STATED IN RULE 81. THEY SHALL BE
CONSTRUED AND  ADMINISTERED TO SECURE THE JUST, SPEEDY, AND INEXPENSIVE
DETERMINATION OF EVERY ACTION. AS AMENDED DECEMBER 3, 1993

2.       PLAINTIFF opposes alleged pleadings of defendants Council   as it was not put forth in good faith and in accordance with the court rules [Exhibit 1] is authentic verification of purported Council for town and defendants frivolous and unconscionable pleadings put before this court with only one motive and intent to deceive this court through fraud and deception.